UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

                                    Case No. 8-13-70806-las

Samuel E. Jackson
aka Samuel Earnest Jackson,                     Chapter 7

                  Debtor.
------------------------------------------------------------X

MEMORANDUM DECISION AND ORDER GRANTING
MOTION TO REOPEN CHAPTER 7 CASE AND SETTING
DEADLINE TO OBJECT TO DISCHARGEABILITY OF DEBT

Before the Court is the motion, dated April 22, 2022 ("Motion") [Dkt. No. 17], of Samuel E. Jackson ("Debtor"), proceeding *pro se*, to reopen this no asset chapter 7 case pursuant to 11 U.S.C. § 350(b)[1] and Bankruptcy Rule 5010 to amend Part 2 of Schedule E/F to add a previously undisclosed debt to Ms. Glenda James. Ms. James, proceeding *pro se*, opposed the Motion. [Dkt. No. 18]. The Court has carefully considered the parties' submissions and arguments and, for the reasons set forth below, the Motion is granted.

The Court has jurisdiction over the Motion under 28 U.S.C. § 1334 and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a), dated August 28, 1986, as amended by Order dated December 5, 2012.

I.      Background and Procedural History

The relevant facts are taken from the parties' submissions and are not in dispute, except as otherwise noted. Debtor filed for chapter 7 relief on February 19, 2013. This was a no asset case. No objection to Debtor's discharge or challenge to the dischargeability of certain

---

[1] All statutory references to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., will hereinafter be referred to as "§ (section number)".

1

debts was filed by the June 4, 2013 deadline. Accordingly, Debtor obtained a discharge on June 10, 2013, and the chapter 7 case was closed. On August 3, 2015, Debtor, proceeding *pro se*, filed a motion to reopen his bankruptcy case to schedule a previous undisclosed debt to Dime Savings Bank of Williamsburg ("Dime Savings Bank"). [Dkt. No. 12]. In support of his initial motion to reopen, Debtor asserted that his attorney's clerk inadvertently failed to include Dime Savings Bank on the list of creditors. The motion was granted, the bankruptcy case was reopened on September 16, 2015 for the purpose of scheduling the previously undisclosed debt to Dime Savings Bank, and Dime Savings Bank was given forty-five days to file a complaint objecting to the discharge of its debt. [Dkt. No. 14]. No complaint was filed. The bankruptcy case was closed on November 12, 2015. [Dkt. No. 16].

On April 26, 2022, Debtor filed the Motion seeking to reopen his no asset chapter 7 case to add Ms. James as a creditor asserting that the debt owed her was incurred before he filed for bankruptcy, but he was unaware of the debt to Ms. James at the time he commenced his chapter 7 case in 2013. Debtor also contends that Ms. James obtained a judgment against him in violation of his bankruptcy discharge. [Dkt. No. 17]. Ms. James, who resides in Maryland, filed opposition to the Motion on May 4, 2022 stating the parties entered into a small claims court mediation agreement dated July 7, 2017 whereby Debtor agreed to make installment payments aggregating $5,000.00 starting on January 30, 2018. [Dkt. No. 18]. According to Ms. James, Debtor defaulted on his payments under the agreement and after giving him multiple chances to offer an affordable payment plan, she filed an affidavit of non-compliance with the small claims court and was awarded judgment on November 19, 2021. Ms. James contends Debtor knew of the debt owed to her at the time of his bankruptcy filing and she attaches to her opposition a letter dated November 27, 2010 purportedly signed by Debtor stating that there was $250 enclosed and that next month, he would send a larger sum.

The Court held telephonic hearings on June 9, 2022 and July 12, 2022 at which Debtor and Ms. James appeared. Having determined that the Motion and opposition papers did not address two facts relevant to the disposition of the Motion, *i.e.*, (1) whether Debtor's failure to schedule the debt owed Ms. James was in any way prompted by "fraud, recklessness or intentional design" and (2) whether the nature of the debt at issue is a type that would be excepted from discharge under section § 523(a)(2), (4) or (6), *see In re Candelaria*, 121 B.R. 140, 145 (E.D.N.Y. 1990), the Court directed the parties to file supplemental briefing on the issues regarding (a) the facts and circumstances surrounding Debtor's failure to schedule the debt owed to Ms. James, and (b) whether the nature of the debt owed to Ms. James implicates § 523(a)(2), (4) or (6). [Dkt. No. 20].

Debtor filed his supplemental brief on August 4, 2022. [Dkt. No. 23]. Debtor contends he had no knowledge of the debt owed Ms. James prior to his 2013 bankruptcy filing or even in 2015 when he reopened his case to add Dime Savings Bank to his schedules. Debtor claims he first learned of a debt owed Ms. James in 2017, ten years after the time Ms. James alleges she loaned him $7,000. Debtor maintains that when Ms. James sued him in 2017 in small claims court, he was given a choice between going to mediation or attending court hearings over several appearances to settle the dispute. Debtor chose the former because the latter gives him severe anxiety. Debtor does not recall borrowing any money from Ms. James and questioned the mediator at the time about what proof Ms. James had regarding his purported obligation, whether the statute of limitations has passed, and the impact of his bankruptcy discharge. Debtor claims that the mediator did not address his questions, but he ultimately chose to proceed with mediation anyway. Debtor acknowledges that he signed the July 7, 2017 mediation agreement, but claims doing so under duress, and as a result of misrepresentations and a mistaken understanding of the bankruptcy law.

3

Ms. James filed her supplemental brief on August 25, 2022. [Dkt. No. 25]. She asserts the Debtor called in 2013 and advised her of his bankruptcy filing and that he could have included her in the bankruptcy filing but did not do so because he intended to pay her. At the time, they were still communicating and Debtor purportedly asked Ms. James to marry him. She believes he made a payment in November 2010 to show he had good intentions of paying the debt if he stood a chance of being together with her in Maryland. Subsequently, the relationship between the parties ended. Ms. James went to court after giving Debtor multiple opportunities to repay because she suspected he was waiting for the statute of limitations to expire. Ms. James disputes the Debtor was under any duress when they entered into the mediation agreement in July 2017 and claims Debtor filed the Motion seeking to reopen his bankruptcy case and discharge the debt only after she was awarded a judgment of $5,288.63 on November 19, 2021.

The Court provided the parties with ample time to resolve their dispute. A resolution has not been reached and the matter is now ripe for adjudication.

II. Discussion

A. Legal Principles

Pursuant to § 350(b), "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). "The statute's permissive language provides the Court with broad discretion to determine whether a debtor filed a motion to reopen in good faith or has demonstrated good cause." *In re Farley*, 451 B.R. 235, 237 (Bankr. E.D.N.Y. 2011). Courts generally review the legal merits of the relief sought upon reopening to determine whether relief can be afforded to a party or would reopening be futile or a waste of judicial resources. *In re Mohammed*, 536 B.R. 351, 355 (Bankr. E.D.N.Y. 2015) (internal quotations and citations omitted). "The moving party carries the burden of proof in establishing cause to reopen." *Id*.

Courts have, for the most part, follow one of two approaches when considering a request to reopen a no asset chapter 7 case. Some courts take an equitable approach and liberally grant a motion to reopen to add a previously undisclosed debt unless "(1) the omission was the result of fraud, recklessness, or intentional design on the part of the debtor, or (2) reopening would prejudice the creditor in two protected areas, i.e., its right to participate in a dividend and its right to obtain a determination of dischargeability." *Candelaria,* 121 B.R. at 142 (collecting cases); *see also Mohammed*, 536 B.R. at 357 n.10 (noting the First, Fifth, Seventh and Eleventh Circuit Courts of Appeal favor the equitable approach).

Some courts have adopted a "mechanical approach" when considering a motion to reopen a no asset chapter 7 case – in particular, the Third, Sixth, Ninth and Tenth Circuit Courts of Appeal. *Mohammed*, 536 B.R. at 357 n.9 (collecting cases). While the Second Circuit has yet to adopt an approach, bankruptcy courts in the Second Circuit have recently followed the mechanical approach. *Id.* at 357; *see also Delafield 246 Corp. v. City of New York (In re Delafield 246 Corp.)*, Bankr. No. 05-13634 (ALG), Adv. No. 05-01834 (ALG), 2007 WL 2332527, at *2 (Bankr. S.D.N.Y. Aug. 14, 2007) (noting that "failure to schedule a prepetition debt in a Chapter 7 no asset case has no impact on the dischargability (sic) of the debt."). In this district, the *Mohammed* case instructs us that:

> a chapter 7 no asset case should not be reopened to allow an undisclosed debt to be scheduled unless: (i) the debtor or creditor can state a plausible basis for seeking a determination that the debt at issue does or does not fall within the category of nondischargeable debts listed in Sections 523(a)(2), (4) or (6); or (ii) the creditor can state a plausible basis for the court to determine that assets may become available to distribute to creditors; or (iii) prejudice to either party which can be remedied by reopening the case has been demonstrated.

*Mohammed*, at 358 (finding no purpose would be served by reopening a no asset chapter 7 case where there was no evidence to demonstrate the debtor's omission of the debt was due

5

to fraud, creditor did not suggest the debt was nondischargeable pursuant to § 523(a)(2), (4) or (6), and there would be no assets for distribution or prejudice to either party).

B. Analysis

The Court considered the facts and circumstances as presented by the parties under both the equitable and mechanical approaches. As discussed below, application of either approach warrants reopening of the chapter 7 case.

Under the equitable approach of *Candelaria*, courts liberally grant a motion to reopen to add a previously undisclosed debt unless there is some evidence that the omission was the result of "fraud, recklessness, or intentional design," or the reopening would prejudice the creditor with respect to the right to participate in a dividend and to obtain a determination of dischargeability. Applying this approach, the chapter 7 case must be reopened for the following reasons. First, there is no evidence that Debtor's exclusion of Ms. James from the list of creditors was due to "fraud, recklessness or intentional design" on his part to deprive her of an opportunity to participate in the case. Indeed, Ms. James admits, and Debtor does not deny, that he did inform her of his bankruptcy filing in 2013 and his purported intentions to voluntarily repay her outside of bankruptcy. The Court notes that there is nothing in the Bankruptcy Code that prevents the Debtor from voluntarily repaying any debt. 11 U.S.C. § 524(f). Second, as this was a no asset chapter 7 case, the failure to schedule Ms. James as a creditor did not deprive her of a dividend distribution from the estate. Lastly, reopening of this chapter 7 case would be without prejudice to allowing Ms. James time to commence an adversary proceeding seeking to have the debt she claims is owed her excepted from discharge under § 523(a)(2), (4), or (6). Thus, based on the record placed before the Court, application of the equitable approach weighs in favor of reopening this case and preserves the rights of both parties.

The mechanical approach counsels against reopening a no asset chapter 7 case to schedule a previously undisclosed debt unless: "(i) the debtor or creditor can state a plausible basis for seeking a determination that the debt at issue does or does not fall within the category of nondischargeable debts listed in Sections 523(a)(2), (4) or (6); or (ii) the creditor can state a plausible basis for the court to determine that assets may become available to distribute to creditors; or (iii) prejudice to either party which can be remedied by reopening the case has been demonstrated." *Mohammed*, at 358. Generally, certain types of debt would be subject to discharge and no purpose would be served by administratively reopening a no asset chapter 7 case just to re-close the case soon after the debt has been added if there is no basis to object to dischargeability. *Id*.

As to the first factor under *Mohammed*, the parties' pleadings do not set forth any information as to whether the debt should be excepted from discharge under § 523(a)(2), (4) or (6). However, because the parties are unrepresented by counsel and the relief requested is of a particular import to the parties as it involves the scope of Debtor's discharge, this Court is reluctant to prejudge the merits of any potential dischargeability action where the Court lacks sufficient information concerning how the alleged debt was incurred. This reasoning also addresses the third factor under *Mohammed*. Any prejudice to Ms. James can be remedied by allowing her time to commence an adversary proceeding seeking to have her debt against Debtor deemed nondischargeable under § 523(a)(2), (4) or (6). Any prejudice to Debtor can be remedied by reopening the chapter 7 case to schedule the previously undisclosed debt as he wants closure and the certainty of knowing whether the unscheduled debt has been discharged. As to the second factor under *Mohammed*, neither party has raised the prospect of assets being available for distribution, so this factor is not applicable here. In sum, the Court finds that application of the mechanical approach also weighs in favor of reopening this case.

III.    Conclusion

1. Accordingly, Debtor's Motion to reopen his chapter 7 case is granted to the extent provided herein.

2. Debtor shall file with the Court, and serve upon Ms. James, amended schedules to add Ms. James as a creditor within ten (10) days of the entry of this Memorandum Decision and Order.

3. Ms. James shall have up to and including May 31, 2023 to file a complaint seeking to have her debt against Debtor excepted from discharge under § 523(a)(2), (4) or (6).

4. If no complaint objecting to dischargeability of debt is filed by Ms. James by May 31, 2023, the Clerk's Office is directed to reclose this bankruptcy case.

So Ordered.

Dated: March 20, 2023
Central Islip, New York



Louis A. Scarcella
United States Bankruptcy Judge